**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RADHA GEISMANN, MD, P.C., individually and on behalf of all other similarly-situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4-14-CV-001538 RLW |
| v. | ) ) | JURY TRIAL DEMANDED |
| AMERICAN HOMEPATIENT, INC., | ) ) | |
| and | ) ) | |
| JOHN DOES 1-10, | ) ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**
**OR, IN THE ALTERNATIVE, DISMISS OR STRIKE THE CLASS**
**ALLEGATIONS FROM THE COMPLAINT**

Defendant American Homepatient, Inc. ("American" or "Defendant"), by and through its undersigned attorneys, Steve Koslovsky, LLC, and Shamoun & Norman, LLP (*Pro Hac Vice* filed), pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(f) and Local Rule 4.01, hereby moves this Court to dismiss Plaintiff Radha Geismann, MD, P.C.'s ("Plaintiff) Complaint, or in the alternative, dismiss or strike the class allegations from the Complaint. In support of this Motion, Defendant states as follows:

1.      Plaintiff's vaguely pleaded "claim" brought under the Missouri Consumer Fraud and Deceptive Business Practices Act ("MPA"), Mo. Rev. Stat. Chapter 407, if any, should be dismissed because, as a matter of law, because (i) American's alleged transmission of the allegedly unsolicited facsimile does not constitute an unlawful practice under the MPA, *See Missouri ex rel. Nixon v. Progressive Bus. Pub., Inc.*, 504 F. Supp. 2d 699, 707 (W.D.Mo. 2007),

and (ii) Plaintiff lacks standing to sue under the MPA. *Chochorowski v. Home Depot USA., Inc.,* 295 S.W.3d 194, 197-98 (Mo. App. E.D. 2009).

2.      Additionally, Plaintiff's vague and inadequate conversion claim, if any, is insufficient as a matter of law and should be dismissed because Plaintiff fails to satisfy the minimum pleading standards set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

3.      Further, Plaintiff's claim brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), fails to state a claim upon which relief can be granted because the fax letter attached to the Complaint is not an "advertisement" as defined and regulated by the TCPA. Therefore, as a matter of law, Plaintiff cannot establish an essential element of its TCPA claim.

4.      Finally, and/or in the alternative, even assuming Plaintiff can establish all of the essential elements of its TCPA claim (which it cannot), Plaintiff's class allegations fail, as a matter of law, because Plaintiff has not pled a plausible claim for class relief. To the contrary, Plaintiff cannot satisfy the prerequisites to certify a class action, that is, the commonality, typicality, predominance, and ascertainability requirements of FED. R. CIV. P. 23. *See McCrary v. Stifel, Nicolaus & Co., Inc.*, 687 F.3d 1052, 1060 (8th Cir. 2012) (stating "class claims that fail to meet the requirements of Rule 23 may be properly dismissed by granting a Rule 12(b)(6) motion" in affirming Judge Jackson's dismissal of class allegations). At a minimum, the determination of both class membership and liability under the TCPA will require individualized inquiries into, *inter alia*, the circumstances surrounding the transmission of faxes, the ownership of the facsimile machines, the existence (or absence) of evidence of consent to receive the faxes,

and the existing business relationship (or lack thereof) between each potential class member and American, which precludes class treatment of Plaintiff's TCPA claims.

5.      In support of its Motion, American hereby incorporates its Memorandum in Support of Motion to Dismiss Complaint or, in the Alternative, Dismiss or Strike the Class Allegations from the Complaint, as if fully set forth herein.

**WHEREFORE**, Defendant American Homepatient, Inc., respectfully requests that this Court enter an order dismissing Plaintiff's Complaint with prejudice, and/or in the alternative, dismissing with prejudice or striking the class allegations from the Complaint, and for any further relief this Court deems proper under the circumstances.

Respectfully Submitted,

STEVE KOSLOVSKY, LLC

By: */s/ Steve W. Koslovsky*
STEVE W. KOSLOVSKY
MO State Bar No. 29183
7733 Forsyth Blvd., Suite 1100
Clayton, Missouri 63105
Telephone: (314) 296-6120
Email: swk@koslaw.net

C. GREGORY SHAMOUN
TX State Bar No. 18089650
KEVIN C. MORAN
TX State Bar No. 24058006
Shamoun & Norman, LLP
1755 Wittington Place, Suite 200, LB25
Dallas, Texas 75234
Telephone: (214) 987-1745
Facsimile: (214) 521-9033
Email: kmoran@snlegal.com
(*Pro Hac Vice* filed)

*Attorneys for American Homepatient, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been upon the below listed counsel of record by U.S. Mail served on this 13th day of October, 2014:

Max Margulis
Margulis Law Group
28 Old Belle Monte Road
Chesterfield, MO 63017
Telephone: (636) 536-7022
Facsimile: (636) 536-6652
Email: MaxMargulis@MargulisLaw.com

By: */s/ Steve W. Koslovsky*
STEVE W. KOSLOVSKY