UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RADHA GIESMANN, MD, P.C., individually and on behalf of all other similarly-situated persons, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:14CV1538 RLW ) |
| AMERICAN HOMEPATIENT, INC., and JOHN DOES 1-10, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant American Home Patient, Inc.'s Motion to Dismiss the Complaint, or, in the Alternative, Dismiss or Strike the Class Allegations from the Complaint (ECF No. 9). The motion is fully briefed and ready for disposition. Upon review of the motion and the related memoranda, the Court will deny Defendant's motion.

## I. Background

On August 4, 2014, Plaintiff Radha Geismann MD, P.C. filed a Class Action Petition in the Circuit Court of St. Louis County, Missouri. Plaintiff contends that on June 22, 2013, it received an unsolicited advertisement facsimile sent by Defendants. (Compl. ¶¶10-11) Plaintiff further contends that Defendants sent other fax advertisements to many other persons. Plaintiff's Complaint alleges a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA), conversion under Missouri common law, and a violation of the Missouri Consumer Fraud and Deceptive Business Practices Act ("MPA").[1]

---

[1] On October 21, 2014, the Court granted Plaintiff's motion to voluntarily dismiss the MPA claim without prejudice. (ECF No. 22)

Defendant American Homepatient, Inc. subsequently filed a motion to dismiss the complaint, or alternatively, to dismiss or strike the class allegations. Defendant asserts that Plaintiff's TCPA claim fails to state a claim upon which relief can be granted because the fax letter attached to the Complaint is not an "advertisement" as defined by the TCPA. Defendant also argues that Plaintiff's conversion claim fails to satisfy the minimum pleading standards to survive a motion to dismiss. Finally, Defendant contends that Plaintiff's class allegations fail as a matter of law because Plaintiff has not pled a plausible claim for class relief, nor can it satisfy the prerequisites to certify a class action. Plaintiff responds that Defendant's argument that the fax was not an advertisement is factually and legally unsupportable. Further, Plaintiff claims that it has properly stated a claim for conversion. Plaintiff also contends that Defendant's attempt to strike the class allegations at the pleading stage fails because Defendant erroneously argues that consent requires an individual determination and because Plaintiff has not had an opportunity to conduct discovery.

## II. Legal Standard

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise

a right to relief above the speculative level . . . ." *Id.* This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

With regard to class certification, a proposed class must satisfy the requirements of Federal Rule of Civil Procedure 23(a), as well as one of the three alternatives in Rule 23(b), in order to be certified. *Lindsay Transmission, LLC v. Office Depot, Inc.*, No. 4:12-CV-221 (CEJ), 2013 WL 275568, at *3 (E.D. Mo. Jan. 24, 2013) (citation omitted). "As a threshold matter, a proposed class must always meet the Rule 23(a) requirements of numerosity, typicality, commonality, and adequacy of representation." *Id.* However, when a plaintiff seeks

certification under Rule 23(b)(3), proponents of class certification must also demonstrate: "(1) that the questions of law or fact common to the members of the proposed class predominate over questions affecting only individual class members; and (2) that a class action is superior to other available methods of resolving the controversy." *Id.* (citation omitted).

### III.  Discussion

### A.  TCPA Claim

Defendant first contends that Plaintiff is unable to state a claim under the TCPA because the faxed letter was not an advertisement.  The fax states: "Your Medicare Patients have 1 week to find a new provider.  American HomePatient was chosen to be a contracted provider with Medicare for respiratory products and services in your area . . . ."  (Pet. Ex. A, ECF No. 3-1)  The fax then asks the recipient to "Make American HomePatient the Respiratory Provider of Choice for your patients."  (*Id.*)    Defendant contends that the fax was merely informational and was not directed to patients or consumers.  Thus, Defendant asserts, the fax does not meet the requirements of the TCPA.  Plaintiff, on the other hand, argues that the fax meets the definition of advertisement under the TCPA.

The TCPA prohibits any person within the United States from using "any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."  47 U.S.C. § 227(b)(1)(C).  An unsolicited advertisement is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."  47 U.S.C. § 227(a)(5).

At the pleading stage, the Court finds that Plaintiff has stated a claim that is plausible on its face.  Plaintiff contends that the fax advertises the commercial availability of Defendant's

respiratory goods and services. While Defendant relies on *Phillips Randolph Enters., LLC v. Adler-Weiner Research Chicago, Inc.*, in support of its position, the Court finds this case is inapposite. 526 F. Supp. 2d 851 (N. D. Ill. 2007). In *Phillips Randolph Enters.*, the court found that a fax inviting business owners to participate in a research study did not promote a commercially available service. *Id.* at 852-53. The court reasoned that the potential participants had to pre-qualify for the study, rendering the study not commercially available. *Id.* at 853; *see also St. Louis Heart Ctr., Inc. v. Caremark L.L.C.*, No. 4:12CV2151 TCM, 2013 WL 9988795, at *3-4 (E.D. Mo. April 19, 2013) (distinguishing *Phillips Randoph Enters.* from a fax offering a program to help address potential non-adherence to prescribed diabetes therapy because the program was commercially available and not offered only to qualified individuals).

In the instant case, Plaintiff raises a plausible claim that the fax promotes the commercial availability of Defendant's respiratory products. The fax indicates that Defendant was chosen to be a contracted provider with Medicare for respiratory products and services. (ECF No. 3-1) The fax then invites the recipient to make Defendant the "Respiratory Provider of Choice for your patients" based on its "proactive, outcomes-based patient-monitoring and follow-up[;] sleep patient coaching, ongoing support, and unparalleled long-term adherence to therapy[; and] Medicare provider you and your patients can count on." (*Id.*) In addition to providing information, the fax details the products and services it provides, thus stating a claim sufficient under Rule 12(b)(6) that the fax constitutes and advertisement under the TCPA.[2] *Radha Geismann, M.D., P.C. v. Byram Healthcare Ctrs., Inc.*, No. 4:09CV01980, 2010 WL 1930060, at *3 (E.D. Mo. May 10, 2010).

---

[2] The Court notes that in its Reply Memorandum, Defendant does not address Plaintiff's argument and cases in support that the fax is an advertisement under the TCPA. (Def.'s Reply Mem. 2, ECF No. 30)

## B. Conversion Claim

Next, Defendant argues that Plaintiff has failed to state a plausible claim for conversion under Missouri law. In Count II of the Class Action Petition, Plaintiff alleges that "by sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use." (Pet. ¶ 58, ECF No. 3) Plaintiff also asserts that the Defendants converted Plaintiff's employees' time to Defendants' own use. In its motion to dismiss, Defendant claims that Plaintiff's vague and inadequate conversion claim fails to satisfy the pleading standards under *Twombly* and *Iqbal*.

Under Missouri law, "[c]onversion is the unauthorized assumption and exercise of the right of ownership over the personal property of another to the exclusion of the owner's rights." *Bradley v. Transp. Sec. Admin.*, 552 F. Supp. 2d 957, 961 (E.D. Mo. 2008) (citation and internal quotation omitted). For a plaintiff to prevail on a conversion claim, the plaintiff must prove: "(1) plaintiff was the owner of the property or entitled to its possession; (2) defendant took possession of the property with the intent to exercise some control over it; and (3) defendant thereby deprived plaintiff of the right to possession." *Id.*

Here, Plaintiff alleges that it and other class members owned a right to possession of the chattels and that, by sending unsolicited faxes, Defendants misappropriated Plaintiff's fax machines, toner, paper, and employees' time without authorization, thus depriving the Plaintiff of the right to use the chattels for other purposes. (Pet. ¶¶ 58-64, ECF No. 3) Defendant, however, argues that Plaintiff fails to adequately plead that Plaintiff and class members possessed or had the right to possess the alleged converted chattels at the time the conversion took place; fails to adequately plead that Defendant actually physically possessed or exercised

dominion over the allegedly converted chattels; and fails to adequately plead that Defendant deprived plaintiff or the alleged class of their right to possession.

The Court finds that, at this stage of the proceedings, Plaintiff's allegations for conversion of the fax machines, toner, paper, and employees' time are sufficient to survive a motion to dismiss. *Radha Geismann, M.D., P.C., v. Byram Healthcare Ctrs., Inc.*, No. 4:09CV01980 HEA, 2010 WL 1930060, at *3 (E.D. Mo. May 10, 2010). Thus, Defendant's motion to dismiss Plaintiff's conversion claim will be denied.

### C. Class Action Claims

Finally, Defendant argues that the class allegations cannot support a class action under the TCPA and should therefore be dismissed or stricken. Plaintiff's proposed class is defined as:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent by or on behalf of Defendant any telephone facsimile transmissions of material making known the commercial existence of, or making qualitative statements regarding any property, goods or services (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants does [sic] not have an established business relationships or (5) which did not display a proper opt out notice.

(Pet. ¶ 34, ECF No. 3) Specifically, Defendant contends that the alleged class is unable to satisfy the commonality and typicality requirements under Rule 23(a)(2) & (3) because proof of a violation requires individualized inquiry into whether each individual received the fax unsolicited. As such, Defendant asserts that Plaintiff's class allegations plead an impermissible fail-safe class. Plaintiff, on the other hand, disputes that the putative class is a fail-safe class and argues that Defendant's motion to dismiss or strike the class allegations at the pleading stage is premature. The Court finds that a determination that the class allegations are insufficient on their face is premature at this stage of the proceedings.

As stated above, "a proposed class must always meet the Rule 23(a) requirements of numerosity, typicality, commonality, and adequacy of representation." *Lindsay,* 2013 WL 275568, at *3 (citation omitted). Under Fed. R. Civ. P. 23(c)(1)(A), "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Rule 23(c)(1) permits the Court to "'address the plaintiff's class allegations when the pleadings are facially defective and definitively establish that a class action cannot be maintained.'" *St. Louis Heart Ctr., Inc. v. Forest Pharm., Inc.,* No. 4:12-CV-02224, 2013 WL 1076540, at *5 (E.D. Mo. Mar. 13, 2013) (quoting *Wright v. Family Dollar, Inc.,* 2010 WL 4962838, at *1 (N.D.Ill. Nov. 30, 2010)). However, "'where the dispute is factual and discovery is needed to determine whether a class should be certified, it may be premature to strike class allegations.'" *Id.* Indeed, "[t]he propriety of class action status can seldom be determined on the basis of the pleadings alone." *Walker v. World Tire Corp., Inc.*, 563 F.2d 918, 921 (8th Cir. 1977). To determine the nature of the class allegations and rule on compliance with Rule 23 requirements, the court must possess sufficient evidence. *St. Louis Heart Ctr.*, 2013 WL 1076540, at *5 (citing *Walker*, 563 F.2d at 921). Where the pleadings fail to conclusively demonstrate whether the requirements of Rule 23 are met, the parties must be given the opportunity to discover and present documentary evidence on the class certification issue. *Id.*

Defendant asserts that Plaintiff's proposed fail-safe class is improper on its face. "A fail-safe class is 'one that is defined so that whether a person qualifies as a member depends on whether the person has a valid claim.'" *Lindsay,* 2013 WL 275568, at *4 (quoting *Messner v. Northshore Univ. HealthSystem,* 669 F.3d 802, 825 (7th Cir. 2012)). "Such a class definition is improper because a class member either wins or, by virtue of losing, is defined out of the class

and is therefore not bound by the judgment." *Id.* (citations omitted). The fail-safe class obtained its label "'because the class definition precludes the possibility of an adverse judgment against class members; the class members either win or are not in the class.'" *Id.* (quoting *Genebacher v. CentruyTel Fiber Co. II*, 244 F.R.D. 485, 488 (C.D. Ill. 2001)).

In the instant case, Defendant acknowledges that the Eighth Circuit has not yet ruled on the propriety of a fail-safe class definition. Defendant relies on *Lindsay Transmission, LLC v. Office Depot, Inc.,* for the proposition that a fail-safe class is improper and should be striken at the motion to dismiss stage. *Id.* at 4. However, the Court observes that, in a case decided after *Lindsay*, another court in this district distinguished *Lindsay* based on facts similar to the present case. *St. Louis Heart Ctr.*, 2013 WL 1076540, at *6. In *St. Louis Heart Center*, the court noted that *Lindsay* involved a motion to strike plaintiff's class allegations "after limited discovery." *Id.* The court further noted that the defendant in *Lindsay* submitted declarations suggesting that the unsolicited fax messages were an aberration instead of a blast faxing campaign. *Id.* As such, the *St. Louis Heart Center* court denied defendant's motion to dismiss or strike the class allegations because, "unlike *Lindsay*, there is no factual basis for the court to find that the fax messages in question were an aberration, part of a 'blast faxing' campaign, or something altogether different." *Id.* at *7.

The Court finds that dismissing the class allegations at this juncture is premature.[3] Contrary to Defendant's assertions, Plaintiff does not concede that the alleged class is a fail-safe

---

[3] Defendant also raises a claim that Plaintiff and the allegedly improperly defined class lack standing; thus, the class allegations must be stricken. Now before this Court is a motion to dismiss the complaint or, alternatively to dismiss or strike class allegations. The Court is not entertaining a motion to certify the class and finds these issues better left for a fully briefed and supported motion for class certification. *See Chorosevic v. Metlife Choices,* No. 4:05-CV-2394 CAS, 2007 WL 2159475, at *3-4 (E. D. Mo. July 26, 2007) (addressing standing at the motion for class certification stage); *but see Golan v. Veritas Entm't, LLC*, No. 4:14CV00069, 2014 WL

9

class, and, at the pleading stage, the Court is unable to discern from the face of the complaint whether the alleged class is impermissible.[4] Thus, the Court will deny Defendant's motion dismiss or strike Plaintiff's class allegations.

Also pending is an un-ruled Motion for Class Certification filed by Plaintiff in State Court. The Court notes that the motion does not include "a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies" in accordance with Local Rule 4.01 of the Eastern District of Missouri. The Court will therefore deny Plaintiff's motion for class certification without prejudice. *St. Louis Heart Ctr., Inc. v. Caremark, L.L.C.,* No. 4:12CV2151 TCM, 2013 WL 9988795, at *3-4 (E.D. Mo. April 19, 2013).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss the Complaint, or, in the Alternative, Dismiss or Strike the Class Allegations from the Complaint (ECF No. 9) is **DENIED.**

---

2095310, at *13-15 (E.D. Mo. May 20, 2014) (dismissing a TCPA claim under Rule 12(b)(6) for lack of standing after the parties submitted discovery).

[4] While the Defendant argues that a fail-safe class is improper on its face, the Court agrees with the *St. Louis Heart Center* court in that whether a fail-safe class is inherently problematic is debatable within the federal circuits and has not been addressed by the Eighth Circuit. *St. Louis Heart Ctr.*, 2013 WL 1076540, at *6 n.7; *see also In re Rodriguez*, 695 F.3d 360, 370 (5th Cir. 2012) (rejecting the fail-safe prohibition); *In re Autozone, Inc., Wage and Hour Emp't Practices Litig.*, 289 F.R.D. 526, (N.D. Cal. 2012) (noting that it is unclear whether the Ninth Circuit forbids fail-safe classes). "Moreover, in the face of a 'fail-safe class,' district courts have broad discretion to redefine the class in order to avoid issues that such a class definition may present." *St. Louis Heart Ctr.*, 2013 WL 1076540, at *6 n.7.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Class Certification, filed in State Court (ECF No. 5), is **DENIED.**

Dated this 8th day of June, 2015.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**