IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RADHA GEISMANN, MD, P.C.,<br>individually and as the representative of a<br>class of similarly-situated persons, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | No. 4:14-cv-001538 RLW |
| AMERICAN HOMEPATIENT, INC., and<br>JOHN DOES 1-10 | ) <br> ) <br> ) | |
| Defendant. | ) | |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE
MOTION TO STAY PROCEEDINGS

Plaintiff, Radha Geismann, M.D., P.C., responds as follows in opposition to Defendant

American Homepatient, Inc.'s Motion to Dismiss or, in the Alternative, Motion to Stay

Proceedings (Doc. 45). Defendant's motion to dismiss pursuant to Rule 12(b)(1) should be

denied because it assumes an unaccepted Rule 68 offer can "moot" a plaintiff's claim by

divesting a federal court of subject-matter jurisdiction, which is mistaken. Moreover, the Eighth

Circuit will not allow a court to "pick off" a putative class plaintiff unless and until class

certification has been "properly denied" on the merits, while this case is still in discovery.

The Court should deny Defendant's alternative request to stay this case pending the

Supreme Court's resolution of *Campbell-Ewald v. Gomez* because the Supreme Court may

decide that case on unrelated sovereign-immunity grounds, and even if it decides the pick-off

issues, it is highly unlikely the Court will overrule all eight circuit court decisions on point, each

of which would require denial of Defendant's motion.

1

**Procedural History**

On August 4, 2014, Plaintiff filed this action in Missouri state court for statutory damages and injunctive relief under the Telephone Consumer Protection Act of 1991 ("TCPA") and common-law conversion, challenging Defendant's alleged practice of sending unsolicited facsimile advertisements. (Compl., Doc. 3, ¶ 1).[1] On September 8, 2014, Defendant removed the case to this Court under 28 U.S.C. § 1446. (Doc. 1).

On June 8, 2015, the Court denied Defendant's first motion to dismiss Plaintiff's TCPA claim, holding "Plaintiff raises a plausible claim that the fax promotes the commercial availability of Defendant's respiratory products," since it "invites the recipient to make Defendant the 'Respiratory Provider of Choice for your patients' based on its 'proactive, outcomes-based patient-monitoring and follow-up[;] sleep patient coaching, ongoing support, and unparalleled long-term adherence to therapy[; and] Medicare provider you and your patients can count on.'" (Doc. 34 at 5). The Court also denied the motion to dismiss the conversion claim and the motion to strike class allegations. (*Id.* at 6–10). The Court did, however, deny Plaintiff's "placeholder" motion for class certification "without prejudice" because it did not contain a supporting memorandum. (*Id.* at 10).

The next day, June 9, 2015, Defendant served Plaintiff with a "pick-off" offer of judgment "[p]ursuant to Rule 68 of the Federal Rules of Civil Procedure." (Doc. 45-2). Defendant offered to settle the case for $6,000, Plaintiff's costs, any applicable attorney fees and expenses, and to "refrain from" sending "advertisement facsimiles to Plaintiff's facsimile number(s)" or "in violation of the TCPA." (*Id.* ¶¶ 4–7). The offer provides no injunctive relief and no relief to the putative class members. (*Id.*) The offer states it "will remain open and

---

[1] Plaintiff also sued under the Missouri Consumer Fraud and Deceptive Business Practices Act, which claims were voluntarily dismissed October 21, 2014. (Doc. 22).

irrevocable for 14 days after service," that "[i]f Plaintiff does not accept within 14 days after service, the offer is considered withdrawn," and that the offer "shall not be filed with the Court unless (a) accepted or (b) in a proceeding to determine the reasonableness hereof." (*Id.* ¶¶ 9–11).

On June 23, 2015, the offer expired on its own terms, having not been accepted by Plaintiff. Under the terms of the offer, it was therefore "withdrawn." (Doc. 45-2 ¶ 10). Under Rule 68(b), the unaccepted offer "is not admissible except in a proceeding to determine costs," in which proceeding the district court is to determine whether "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer," in which case the offeree "must pay the costs incurred after the offer was made" under Rule 68(d).

On August 12, 2015, Defendant filed the offer with the Court, arguing the unaccepted offer divested the Court of subject-matter jurisdiction. (Defs.' Mem. ¶¶ 7–10). Defendants also argue that, since Plaintiff's claim is now "moot," Plaintiff cannot pursue class certification. (*Id.* ¶ 11–14). Finally, Defendants request the Court stay this case pending the Supreme Court's resolution of *Campbell-Ewald v. Gomez*, in which the Court accepted review of two questions relating to class-action pick-offs, as well as a third, potentially case-dispositive question relating to the derivative sovereign immunity of government contractors, an issue Defendants do not mention in their memorandum. (*Id.* at 8–15).

**I.     The motion to dismiss should be denied because Plaintiff's individual TCPA claim is not "moot," and this Court still has subject-matter jurisdiction.**

   **A.     An unaccepted Rule 68 offer of judgment does not "moot" anything and has no jurisdictional significance.**

Defendant's motion to dismiss is based on the assumption that a Rule 68 offer that would provide complete relief on an individual plaintiff's claim renders that claim "moot" for Article III purposes, divesting the district court of subject-matter jurisdiction. (Defs.' Mem. at 4–7). That assumption is mistaken. Defendant cites no case where the Eighth Circuit held a settlement offer

3

renders a claim "moot" for Article III purposes. (Def.'s Mem. ¶ 10). The Supreme Court accepted certiorari on that issue in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013), and then avoided the question, holding the plaintiff waived the issue below and "assum[ing], without deciding" that the defendant's offer mooted the plaintiff's individual claim.

Four dissenting justices in *Genesis Healthcare* answered the question presented and stated a case is "moot" for Article III purposes only when "it is impossible for a court to grant any effectual relief whatever to the prevailing party." 133 S. Ct. 1523, 1533 (2013) (Kagan, J., dissenting) (quoting *Decker v. Nw. Envtl. Def. Ctr.*, 133 S. Ct. 1326, 1335 (2013)). The dissenters explained that "an unaccepted offer of judgment cannot moot a case" because "[w]hen a plaintiff rejects such an offer—however good the terms—her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief." *Id.* The dissenters concluded the idea that a settlement offer can divest a federal court of subject-matter jurisdiction is "bogus." *Id.* at 1532. No matter how good the defendant's offer is, the dissent reasoned, only the entry of judgment in a plaintiff's favor for full relief can make it "impossible for a court to grant any effectual relief." *Id.* The dissent reasoned that a court may enter such a judgment, in its discretion, in an individual case where "the defendant unconditionally surrenders and only the plaintiff's obstinacy or madness prevents her from accepting total victory." *Id.* at 1536. But it does not *require* (or even warrant) entering an unwanted judgment for a plaintiff seeking to represent a Rule 23 class where it does not include complete relief for the entire class. *Id.*

Following *Genesis Healthcare*, six circuit courts of appeal have addressed the issue of whether an unaccepted Rule 68 offer can "moot" a plaintiff's claim, all of them agreeing with the *Genesis Healthcare* dissent and rejecting the proposition. The Ninth Circuit came first, holding in *Diaz v. First Am. Home Buyers Prot. Corp.*, 732 F.3d 948, 954 (9th Cir. 2013), that "nothing

4

in Rule 68 authorizes a court to enter judgment in accordance with an unaccepted offer" and agreeing with the dissent in *Genesis Healthcare* that Rule 68 affirmatively "*prohibits* a court from considering an unaccepted offer for any purpose other than allocating litigation costs— including for the purpose of entering judgment for either party." *Id.*

Next, the Eleventh Circuit held in *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 702 (11th Cir. 2014), that the district court could not enter judgment on the defendant's Rule 68 offer because "the whole point of Rule 68" is that "a party who rejects an offer, litigates, and does not get a better result must pay the other side's costs," adopting the *Genesis Healthcare* dissent and rejecting a pick-off offer in a TCPA fax class action like this case.

The Second Circuit followed in *Tanasi v. New Alliance Bank*, 786 F.3d 195, 200 (2d Cir. 2015), holding a defendant's offer of judgment, no matter how good the terms, does not "moot" anything. The Second Circuit held a district court retains jurisdiction and the same power to grant relief it had before the offer was made. *Id.* Only a proper entry of judgment in a plaintiff's favor can possibly render a claim moot because there is nothing remaining for the court to do. *Id.* The Second Circuit did not address whether the district court *should* or even *may* enter such a judgment for a putative class plaintiff, as opposed to an individual plaintiff who refuses the offer out of obstinacy or madness. *Id.*

The most dramatic shift came from the Seventh Circuit in *Chapman v. First Index, Inc.*, --- F.3d ---, 2015 WL 4652878, at *4 (7th Cir. Aug. 6, 2015), which overruled its prior precedent in *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), and other cases "to the extent they hold that a defendant's offer of full compensation moots the litigation or otherwise ends the Article III case or controversy." The Seventh Circuit agreed with the Ninth and Second Circuits and the *Genesis Healthcare* dissent that "an expired (and unaccepted) offer of a judgment does

not satisfy the Court's definition of mootness, because relief remains possible." *Id.* at *3. The Seventh Circuit went on to explain that a court may enter an unwanted judgment for the plaintiff in an individual, non-class action, since "[o]rdering a defendant to do what it is willing to do has no legitimate claim on judicial time." *Id.* at *4. In a class action, however, the Seventh Circuit stated,  "[s]ettlement proposals designed to decapitate the class upset the incentive structure of the litigation by separating the representative's interests from those of other class members" and "[s]o it may be that, in class actions, the conclusion 'not moot' implies that the case should be allowed to continue—for even a settlement offer after the district judge has declined to certify a class may be designed to prevent an effective appeal (or at least change everyone's incentives about whether to appeal)." *Id.* at *6.

Next, the Fifth Circuit laid down a broad rule in *Hooks v. Landmark Indus., Inc.*, --- F.3d ---, 2015 WL 4760253, at *3 (5th Cir. Aug. 12, 2015), that "'[a] plaintiff seeking to represent a class should be permitted to accept an offer of judgment on her individual claims under Rule 68, receive her requested individual relief, and have the case dismissed, or reject the offer and proceed with the class action.'" (quoting *Bais Yaakov v. ACT, Inc.*, 987 F. Supp. 2d 124, 128 (D. Mass. 2014)). The Fifth Circuit cited its "concern for defendant-induced mootness in the class action context where defendants may attempt to 'pick off' individual plaintiffs before class certification." *Id.*

Finally, two weeks ago, the First Circuit held in *Bais Yaakov of Spring Valley v. ACT, Inc.*, --- F.3d ---, 2015 WL 4979406, at *6 (1st Cir. Aug. 21, 2015), that "Rule 68 expressly specifies what happens to a rejected offer: it is deemed to be 'withdrawn,' and is 'not admissible except in a proceeding to determine costs.'" The First Circuit rejected the defendant's suggestion that "that the district court could close this hole by entering judgment for [the plaintiff] just as it

6

would have had [the plaintiff] accepted the offer." *Id.* The First Circuit held there is "no rule that authorizes—much less requires—such a result. Certainly Rule 68 does not." *Id.*

In sum, although there is no governing Eighth Circuit decision on whether a defendant can "moot" a plaintiff's claim by making a settlement offer, every circuit court to consider this issue post-*Genesis Healthcare* has squarely rejected the proposition. No matter how much money a defendant offers a plaintiff to settle, if the district court had subject-matter jurisdiction when the suit was filed, it retains that jurisdiction. Defendant's Rule 68 offer has expired by its own terms, and it is considered withdrawn under Rule 68(b). The unaccepted offer is admissible solely for purposes of determining costs if Plaintiff ultimately obtains less than what Defendant offered. The Court retains subject-matter jurisdiction, and Defendant's Rule 12(b)(1) motion to dismiss must be denied.

**B.**      **The Eighth Circuit holds a district court may enter judgment for a plaintiff over its objection on an unaccepted Rule 68 offer of judgment only after class certification has been properly denied on the merits.**

Defendants cite the Eighth Circuit's decisions in *Alpern v. UtiliCorp. United, Inc.*, 84 F.3d 1525, 1539 (8th Cir.1996), and *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 949 (8th Cir. 2012), to support their position, but these decisions actually require denial of the motion. In *Alpern*, the district court denied a motion for class certification in a securities-fraud class action on the merits after full discovery, and the defendants then offered the plaintiff all the damages he could recover individually at trial. 84 F.3d at 1532. The district court ordered that amount to be tendered to the clerk of the court and dismissed the case. *Id.*

The Eighth Circuit reversed the denial of class certification and the dismissal, holding the plaintiff "was not required to accept" the offer and that "[j]udgment should be entered against a putative class representative on a defendant's offer of payment only where class certification has been properly denied and the offer satisfies the representative's entire demand for injuries and

7

costs of the suit." *Id.* at 1539. The Eighth Circuit held "[t]his rule protects a class representative's responsibilities to the putative class members from being terminated by a defendant's attempts to pay off the representative's claims." *Id.* (citing *Roper v. Consurve, Inc.*, 578 F.2d 1106, 1110 (5th Cir. 1978), *aff'd sub. nom. Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326 (1980)). The Eighth Circuit adopted Justice Rehnquist's concurring opinion in *Roper* that "[a]cceptance of a tendered offer 'need not be mandated,'" in a putative class action "'since the defendant has not offered all that has been requested in the complaint (i.e., relief for the class).'" *Id.* (quoting *Roper*, 445 U.S. at 341 (Rehnquist, J., concurring)).

In *Hartis*, the district court denied class certification, and the defendant offered the plaintiffs the full damages they could recover individually at trial. *Hartis*, 694 F.3d at 942. The district court dismissed the case, and the plaintiff appealed the dismissal but not the denial of class certification. *Id.* at 949. The Eighth Circuit made clear the statement in *Alpern* that judgment may be entered "against a putative class representative" after a proper denial of class certification is not to be taken literally. Instead, *Hartis* approved the Sixth Circuit's holding in *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 575 (6th Cir. 2009), that "instead of concluding 'that a plaintiff loses outright when he refuses an offer of judgment that would satisfy his entire demand,' 'the better approach is to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment.'" *Id.* The Eighth Circuit recognized the district court mistakenly entered judgment for the defendant, rather than the plaintiff, but held that was merely a "clerical error" that could be corrected on remand. *Id.*

Thus, the Eighth Circuit does not allow the entry of individual judgment for a putative class plaintiff over its objection on an unaccepted Rule 68 offer unless and until class certification has been "properly denied" on the merits. *Alpern*, 84 F.3d at 1532; *Hartis*, 694 F.3d

8

at 949. In this case, class certification has not been properly denied on the merits. Plaintiff has not even completed discovery. Therefore, Defendant's Rule 68 offer has no effect under *Alpern* and *Hartis*.

That is how the vast majority of district courts in the Eighth Circuit have applied these cases. The most thorough discussion of district court decisions in the Eighth Circuit is *Epps v. Wal-Mart Stores, Inc.*, 307 F.R.D. 487, 495 (E.D. Ark. 2015), which followed the majority position that "a defendant cannot deprive the Court of jurisdiction under Article III, section 2 of the Constitution by making an offer to satisfy in full the named plaintiffs' individual claims before a class certification motion has been filed unless there has been undue delay in filing a class certification motion." In this case, Plaintiff has not unduly delayed in seeking class certification. Moreover, since a Rule 68 offer "creates a conflict of interest between the named plaintiff and the unnamed class members," district courts in the Eighth Circuit "routinely" strike such offers. *Epps*, 307 F.R.D. at 495 (citing *Claxton v. Kum & Go, L.C.*, 2014 WL 4854692, at *4–5 (W.D. Mo. Sept. 30, 2014); *Prater v. Medicredit, Inc.*, 2014 WL 3973863, at *3 (E.D. Mo. Aug. 14, 2014); *March v. Medicredit, Inc.*, 2013 WL 6265070, at *4 (E.D. Mo. Dec. 4, 2013); *Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330, 334–36 (D. Minn. 2011); *Lamberson v. Fin. Crimes Servs., LLC*, 2011 WL 1990450, at *3–4 (D. Minn. Apr. 13, 2011); *Jenkins v. Gen. Collection Co.*, 246 F.R.D. 600, 602–03 (D. Neb. 2007)).

Finally, even if class certification had been properly denied on the merits in this case, Defendant is not asking the Court to enter judgment in plaintiff's favor on the unaccepted offer of judgment, as required by *Hartis*. (Def.'s Mem. at 4–8). It is asking the Court to dismiss Plaintiff's case for lack of subject-matter jurisdiction under Rule 12(b)(1), leaving Plaintiff with nothing. (*Id.*) This is not a "clerical error," as it was in *Hartis*. Defendant is seeking a judgment

9

in its favor, not Plaintiff's favor. Even if this were an ordinary individual non-class action, the judgment would have to be in *plaintiff's* favor. In sum, Defendant's motion to dismiss must be denied because (1) Plaintiff's claim is not "moot" and the Court retains subject-matter jurisdiction and (2) class certification has not been "properly denied" on the merits.

### C.    Defendant's offer does not provide complete individual relief.

Plaintiff's complaint seeks "an injunction prohibiting the Defendants from engaging in the statutory violations at issue in this action," as expressly authorized by the TCPA, 47 U.S.C. § 227(b)(3). (Doc. 3 at 12). Defendant's offer agrees to "refrain from sending advertisement facsimiles to Plaintiff's fax number(s) and to refrain from sending advertisement facsimiles in violation of the TCPA." (Doc. 45-2, ¶ 7). A party's promise to "refrain from" doing something is not the equivalent of a federal court injunction ordering the party not to do it, and the offer does not provide "complete" relief. Thus, under *Alpern*, even if class certification had already been properly denied on the merits, the Court could not enter judgment for Plaintiff over its objection on Defendant's incomplete individual offer.

## II.    The motion to stay pending *Campbell-Ewald* should be denied.

A district court "must tread carefully" in staying an action because a plaintiff "has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). The burden is on the party seeking the stay to show a "pressing need" for delay. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). In the past month, three circuit courts of appeal have ruled on class-action pick-offs with full knowledge the Supreme Court granted certiorari in *Campbell-Ewald v. Gomez. See Chapman v. First Index, Inc.*, --- F.3d ---, 2015 WL 4652878, at *3 (7th Cir. Aug. 6, 2015) (holding "we think it best to clean up the law of this circuit promptly, rather than require [the

plaintiff] and others in his position to wait another year for the Supreme Court's decision");

*Hooks v. Landmark Indus., Inc.*, --- F.3d ---, 2015 WL 4760253, at *3, n.6 (5th Cir. Aug. 12,

2015) (deciding case "due to uncertainty of timing and nature of [the] resolution" of *Campbell-*

*Ewald*); *Bais Yaakov of Spring Valley v. ACT, Inc.*, --- F.3d ---, 2015 WL 4979406, at *5 (1st

Cir. Aug. 21, 2015) (same).

**A.      A stay is inappropriate because the Supreme Court may sidestep the pick-off questions, as it did two years ago in *Genesis Healthcare*.**

The Supreme Court accepted review of three issues in *Campbell-Ewald*:

1.      Whether a case becomes moot, and thus beyond the judicial power of Article III, when the plaintiff receives an offer of complete relief on his claim.

2.      Whether the answer to the first question is any different when the plaintiff has asserted a class claim under Federal Rule of Civil Procedure 23, but receives an offer of complete relief before any class is certified.

3.      Whether the doctrine of derivative sovereign immunity recognized in *Yearsley v. W.A. Ross Construction Co.,* 309 U.S. 18 (1940), for government contractors is restricted to claims arising out of property damage caused by public works projects.

(Doc. 45-1, Page ID #318). Defendant's motion quotes the first two issues and does not mention

the third. (Defs.' Mem. at 2).

The third issue in *Campbell-Ewald* is potentially case-dispositive because sovereign

immunity is a jurisdictional issue. *See* Wright & Miller, 14 Fed. Prac. & Proc. Juris. § 3654 (3d

ed.) ("The natural consequence of the sovereign immunity principle is that the absence of

consent by the United States is a fundamental defect that deprives the district court of subject

matter jurisdiction."). The Supreme Court could easily avoid the first two questions and hold the

government contractor in that case—who sent text messages on behalf of the U.S. Navy—is

protected by derivative sovereign immunity.

The Supreme Court accepted and then refused to decide the first question in *Campbell-Ewald*—whether a defendant's settlement offer can "moot" a claim—three years ago in *Genesis Healthcare*, 133 S. Ct. 26 (June 25, 2012). Specifically, the question presented was "[w]hether a case becomes moot . . . when the lone plaintiff receives an offer from the defendants to satisfy all of the plaintiff's claims." *Genesis Healthcare*, 133 S. Ct. at 1535 (Kagan, J., dissenting). The parties briefed the issue, with 10 amicus briefs arguing various answers (including the obvious answer that a settlement offer, no matter how good the terms, does not affect a federal court's subject-matter jurisdiction).[2]

On April 13, 2013, the Supreme Court issued its decision, holding the plaintiff waived the mootness issue and "assum[ing], without deciding, that petitioners' Rule 68 offer mooted respondent's individual claim." *Genesis Healthcare*, 133 S. Ct. at 1529. Having "assumed" the answer to the question on which it accepted review, the majority went on to answer a question on which it did not grant review, holding the plaintiff with the "moot" individual claim could not continue to maintain a "collective action" under the Fair Labor Standards Act, reasoning that the long line of Rule 23 class-action cases allowing plaintiffs to pursue class certification after their individual claims became moot did not save the plaintiff's case "because Rule 23 actions are fundamentally different from collective actions under the FLSA."[3] *Id.*

There is no guarantee the Supreme Court will not sidestep the "pick-off" issue again in *Campbell-Ewald*. In fact, it is *more likely* the Court will avoid the question in *Campbell-Ewald*,

---

[2] The briefs and certiorari-stage documents in *Genesis Healthcare* are available at http://www.scotusblog.com/case-files/cases/genesis-healthcare-corp-v-symczyk/.

[3] Four dissenting justices answered the question presented, holding "an unaccepted offer of judgment cannot moot a case," and that "[a]n unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect." *Genesis Healthcare*, 133 S. Ct. at 1533 (Kagan, J., dissenting).

where the Court granted review on an additional dispositive jurisdictional issue, than in *Genesis Healthcare*, where the Court granted review on only one issue and then refused to decide it.

        B.        **A stay is inappropriate because none of the circuit court approaches before the Supreme Court allow a pick-off attempt under the facts of this case.**

If the Supreme Court addresses class-action pick-offs in *Campbell-Ewald* rather than deciding the case on sovereign-immunity grounds, it will review the approaches of eight circuit courts to have squarely addressed the issues. Six circuit courts have addressed the first question presented (whether the named plaintiff's individual claim is "moot") post-*Genesis Healthcare* and they have uniformly rejected the proposition. *Bais Yaakov of Spring Valley v. ACT, Inc.*, --- F.3d ---, 2015 WL 4979406, at *6 (1st Cir. Aug. 21, 2015); *Hooks v. Landmark Indus., Inc.*, --- F.3d ---, 2015 WL 4760253, at *3 (5th Cir. Aug. 12, 2015); *Chapman v. First Index, Inc.*, --- F.3d ---, 2015 WL 4652878, at *4 (7th Cir. Aug. 6, 2015); *Tanasi v. New Alliance Bank*, 786 F.3d 195, 200 (2d Cir. 2015); *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 702 (11th Cir. 2014); *Diaz v. First Am. Home Buyers Prot. Corp.*, 732 F.3d 948, 953–55 (9th Cir. 2013).

Three of these circuits (the Fifth, Ninth, and Eleventh) have also held that, *even if* a defendant's offer "moots" an individual plaintiff's claims, the class claims are not moot so long as the plaintiff diligently pursues certification, since class certification "relates back" to the complaint if it is later obtained. *Stein*, 772 F.3d at 702–07; *Mabary v. Home Town Bank, N.A.*, 771 F.3d 820, 824 (5th Cir. 2014); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091 (9th Cir. 2011). An additional two circuits, the Third and Tenth, agree. *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1250 (10th Cir. 2011); *Weiss v. Regal Collections*, 385 F.3d 337, 347 (3d Cir. 2004). As discussed above, the Eighth Circuit holds an offer of judgment has no effect in a putative class action unless and until "class certification has been properly denied" on the merits. *Alpern*, 84 F.3d at 1539.

Under any of these approaches, Plaintiff's class claims are not "moot," and Defendants' motion would be denied. In order for the outcome of *Campbell-Ewald* to make a difference, the Supreme Court would have to overrule all eight circuit courts and create some new standard under which a defendant may opt out of a class action at any time and there is nothing the plaintiff or the district court can do about it, essentially nullifying the class-action device. Defendants' motion does not argue the Supreme Court is likely to do so or even whether any party to the appeal is arguing for such a standard (as opposed to arguing for one circuit court's approach over another). (Defs.' Mem. at 8–15). Since Defendants bear the burden of demonstrating a "pressing need" for a stay, *Landis*, 299 U.S. at 255, the Court should deny the motion to stay.

<u>**CONCLUSION**</u>

Defendant's Rule 12(b)(1) motion to dismiss should be denied because Plaintiff's claim is not moot, and this Court cannot be deprived of subject-matter jurisdiction by an unaccepted settlement offer, no matter how good the terms. Moreover, the Eighth Circuit does not allow a district court to enter judgment in a putative class plaintiff's favor over its objection on an unaccepted Rule 68 offer unless and until class certification is "properly denied" on the merits. Finally, the Court should not stay the case pending the Supreme Court's disposition of *Campbell-Ewald* because there is at least an even chance the Supreme Court will decide the case on unrelated sovereign-immunity grounds, and even if it addresses the pick-off issues, there is no reason to believe it will overrule all eight circuit court decisions on point, as would be necessary for Defendant's motion to dismiss to succeed.

14

/s/ Max G. Margulis
Max G. Margulis
MARGULIS LAW GROUP
28 Old Belle Monte Road
Chesterfield, MO 63017
Phone: 636-536-7022 - Residential
Email: MaxMargulis@MargulisLaw.com

Brian J. Wanca, 3126474IL
Ross M. Good, 6322917IL
Ryan M. Kelly, 6257931IL
Anderson + Wanca
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:  (847) 368-1500
Facsimile:   (847) 368-1501
E-mail:  bwanca@andersonwanca.com
rgood@andersonwanca.com
rkelly@andersonwanca.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st of September 2015, I submitted the foregoing via this Court's CM/ES system, which served notice of the filing on the Attorney for Defendant, Steven W. Koslovsky, 7733 Forsyth Blvd., Ste 1100, Clayton, MO 63105, Phone: 314-296-6120, Fax: 314-569-2519, Email: swk@koslow.net and Kevin C. Moran and C. Gregory Shamoun, Shamoun & Norman, LLP, 1755 Wittington Place, Suite 200, LB 25, Dallas, TX 75234, P: 214-987-1745, F: 214-521-9033, Email: Kmoran@snlegal.com and G@snlegal.com.

/s/ Max G. Margulis