UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RADHA GIESMANN, MD, P.C., individually and on behalf of all other similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:14CV1538 RLW |
| AMERICAN HOMEPATIENT, INC., and JOHN DOES 1-10, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant American Homepatient, Inc.'s Motion to Deposit Funds (ECF No. 66) and Motion for Summary Judgment (ECF No. 67). The motions are fully briefed and ready for disposition. Upon review of the motion and related memoranda, the Court will deny Defendant's motions.

## I. Background

On August 4, 2014, Plaintiff Radha Geismann MD, P.C. filed a Class Action Petition and a Motion for Clas Certification in the Circuit Court of St. Louis County, Missouri. (ECF Nos. 3, 5) Plaintiff contends that on June 22, 2013, it received an unsolicited advertisement facsimile sent by Defendants. (Compl. ¶¶10-11, ECF No. 3) Plaintiff further contends that Defendants sent other fax advertisements to many other persons and seeks to bring a class action case against Defendants on behalf of himself and all other similarly situated. Plaintiff's Complaint alleges a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA), conversion under Missouri common law, and a violation of the Missouri Consumer Fraud and Deceptive

Business Practices Act ("MPA").[1] Defendant American Hompatient, Inc. removed the action to federal court on September 8, 2016.

Defendant subsequently filed a motion to dismiss the complaint, or alternatively, to dismiss or strike the class allegations, which the Court denied. (ECF Nos. 9, 34) Shortly thereafter, Defendant filed a motion to dismiss for lack of jurisdiction or alternatively to stay the proceedings pending the United States Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, 768 F.3d 871 (9th Cir. 2014), *cert. granted*, No. 14-857, 2015 WL 246885 (May 18, 2015). Defendant sought to dismiss Plaintiff's TCPA claim based on its offer of judgment in the amount of $6,000.00, claiming that said offer, even though rejected, mooted Plaintiff's claim and deprived this Court of jurisdiction. (ECF No. 44)

On January 20, 2016, the Supreme Court held that a consumer's complaint under the TCPA was not rendered moot by an unaccepted settlement offer or offer of judgment. *Campbell-Ewald Co. v. Gomez*, __ U.S. __, 136 S. Ct. 663, 672 (2016). This Court then ordered the parties to submit briefs indicating what impact the *Campbell-Ewald* decision has on the pending motion to dismiss. On February 24, 2016, Defendant noted that the motion to dismiss was moot but also filed the present motion to deposit funds and motion for summary judgment. The Court then dismissed Defendant's motion to dismiss or stay as moot. (ECF No. 71)

In the motions now before this Court, Defendant contends that it has tendered to Plaintiff a check in the amount of $6,000.00 for Plaintiff's individual TCPA claim and common law claim for conversion. Further, Defendant requests that the Court grant Defendant leave to deposit funds in an interest bearing account with the Court's registry in the amount of $15,000.00 to satisfy Plaintiff's claims plus costs, excluding attorneys' fees, in accordance with Fed. R. Civ. P.

---

[1] On October 21, 2014, the Court granted Plaintiff's motion to voluntarily dismiss the MPA claim without prejudice. (ECF No. 22)

2

67 and E.D. Mo. L.R. 13.04. (ECF No. 66) In conjunction with that motion, Defendant has filed a Motion for Summary Judgment under Federal Rule of Civil Procedure 56. (ECF No. 67) Defendant asks the Court to enter judgment for Plaintiff individually in the amount of $6,000.00 plus allowable expenses; enter an injunction specifying that Defendant will not send any facsimiles to Plaintiff in violation of the TCPA; find Plaintiff's individual claims moot; and dismiss the putative class claims without prejudice because Plaintiff can no longer serve as class representative. (*Id.* at 1-3) Plaintiffs oppose the motions, asserting that Defendant is attempting to use Rule 67 for an improper purpose.

Subsequent to the Supreme Court's decision in *Campbell-Ewald*, Defendant filed the present motions based on the hypothetical situation presented by the majority that "[w]e need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount."[2] *Campbell-Ewald*, 136 S. Ct. at 672. In the Motion to Deposit Funds, Defendant seeks to deposit, or tender, $15,000.00 under Rule 67 of the Federal Rules of Civil Procedure. Rule 67 provides, "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party – on notice to every other party and by leave of court – may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. P. 67(a).

Under Eighth Circuit precedent, "Rule 67 may be invoked at the Court's discretion where . . . funds are in dispute." *Qwest Corp. v. Koppendrayer*, No. Civ. 03-2942 ADMAJB, 2004 WL

---

[2] Defendant also relies on Chief Justice Roberts' dissent in *Campbell-Ewald*, proposing that, "to the extent there is a question whether [defendant] is willing and able to pay, there is an easy answer: have the firm deposit a certified check with the trial court." 136 S. Ct. at 680. Chief Justice Roberts continued to suggest in the dissent that the *Campbell-Ewald* case was limited on its facts and that the majority's analysis may have achieved a different result if the defendant had deposited the offered funds with the district court. *Id.* at 683.

3

2315697, at *1 (D. Minn. Oct. 12, 2004) (citing *Baxter v. United Forest Prods. Co.*, 406 F.2d 1120, 1126 (8th Cir. 1969)); *see also Brandon Tegtmeier, on behalf of himself & others similarly situated, Plaintiffs v. PJ Iowa, L.C. Defendant*, No. 3:15-CV-00110 – JEG, 2016 WL 3265711, at *10 (S.D. Iowa May 18, 2016). "Once the Court accepts funds, pursuant to Rule 67, the Court must hold the deposit as trustee for the true owner or owners until the Court determines how the funds should be dispersed among the parties to the suit." *Koppendrayer*, 2004 WL 2315697, at *1. The purpose of Rule 67 is "'to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto.'" *Tegtmeier*, 2016 WL 3265711, at *10 (quoting *Alstom Caribe, Inc. v. George P. Reintjes Co., Inc.*, 484 F.3d 106, 113 (1st Cir. 2007)).

In *Tegtmeier*, the District Court for the Southern District of Iowa addressed the same issue now facing this Court. Defendant sought to deposit funds under Rule 67 based on the dicta in *Campbell-Ewing*. 2016 WL 3265711, at *10 ("[Defendant's] intention in requesting to deposit funds appears to be to procure a settlement for [plaintiff's] individual claims despite [plaintiff's] rejection of [defendant's] offers."). The court noted that defendant did not allege that the funds at issue were subject to competing claims as required by Rule 67. *Id.* The *Tegtmeier* court noted similar cases from other district courts where the defendants sought to use Rule 67 to compel a finding of mootness. *Id.* In those cases, the courts denied defendants' motions to deposit funds. *See, e.g., Bais Yaakov of Spring Valley v. Graduation Source, LLC*, __ F. Supp. 3d __, 2016 WL 872914, at *1 (S.D.N.Y. Mar. 7, 2016) (vacating prior order permitting defendants' motion to deposit payment with the court and finding that a live claim remained such that plaintiff must be accorded a fair opportunity to show that class certification was warranted); *Bais Yaakov of Spring Valley v. Varitronics, LLC*, File No. 14-CV-5008 (ADM/FLN), 2016 WL

4

806703, at *1 (D. Minn. Mar. 1, 2016) (denying defendant's motion to deposit money into the court's registry under Rule 67 where "there is no purpose to the deposit defendant seeks to make other than to moot the case, and as Plaintiff has not yet had a fair opportunity to show that class certification is warranted"); *Brady v. Basic Research, L.L.C.*, 312 F.R.D. 304, 306 (denying defendants' Rule 67 motion because defendants sought to deposit funds "to moot this case and not to relieve themselves of the burden of administering an asset" and because the Supreme Court directed that a would-be class representative with a live claim must be given a fair opportunity to show that class certification is warranted). The *Tegtmeier* court thus denied defendant's motion for leave to deposit funds. *Id.* at *11.

Similarly, this Court in its discretion will deny Defendant American Homepatient, Inc.'s Motion to Deposit Funds. In its motion and its reply brief, Defendant fails to provide any reason why its motion comports with the purpose of Rule 67 or with Eighth Circuit precedent. Defendant does not allege that the fund is in dispute or that it seeks to deposit the money to relieve itself of the burden of administering an asset. To the contrary, Defendant asserts that it "seeks to deposit $15,000.00 with the Court for the purpose of tendering full and complete relief for Plaintiff's alleged claims" and to "'hash out' Plaintiff's costs . . . ." (Def.'s Mot. to Deposit Funds ¶¶ 9-10, ECF No. 66)

In addition, the Court notes that while the Eighth Circuit has not squarely ruled on the issue of whether a tender and rejection of an offer of judgment to a named plaintiff prior to ruling on a motion for class certification renders a class action moot, it has held that "[j]udgment would be entered against a putative class representative on a defendant's offer of payment only where class certification has been properly denied and the offer satisfies the representative's entire demand for injuries and costs of the suit." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539

(8th Cir. 1996). The *Alpern* court reasoned that "[t]his rule protects a class representative's responsibilities to the putative class members from being terminated by a defendant's attempts to pay off the representative's claims. *Id.* Further, "[a]cceptance of a tendered offer 'need not be mandated,' . . . 'since the defendant has not offered all that has been requested in the complaint (i.e. relief for the class).'" *Id.* (quoting *Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 341 (1980) (concurring opinion)); *see also Ung v. Universal Acceptance Corp.*, __ F. Supp. 3d __, 2016 WL 3136858, at *6 (D. Minn. June 3, 2016) ("[I]t has long been recognized, in the Eighth Circuit and elsewhere, that a class-action plaintiff must be afforded a reasonable opportunity to show class certification is warranted, even if his or her individual claim has been rendered moot.").

The Court is aware of cases from other districts reaching the opposite conclusion and finds those cases unpersuasive. *See South Orange Chiropractic Ctr., LLC v. Cayan LLC*, Civil Action No. 15-13069-PBS, 2016 WL 1441791, at *5 (D. Mass. Apr. 12, 2016) (concluding that an offer to deposit a check with the court to satisfy all of plaintiff's individual claims moots the individual claims); *Leyse v. Lifetime Entm't Servs., LLC*, __ F. Supp. 3d __, 2016 WL 1253607, at *2 (S.D.N.Y. Mar. 17, 2016) (relying on Second Circuit law to find that once the defendant has provided full relief, the plaintiff has no basis to object to the entry of judgment in its favor). Instead, the Court agrees with its sister district court that "there is no principled difference between a plaintiff rejecting a *tender* of payment and an *offer* of payment, a distinction that did not persuade the majority in *Campbell-Ewald*. *Ung*, 2016 WL 3136858, at *5. Further, if this Court accepted the Defendant's argument that tender of payment moots a Plaintiff's individual claims, Defendant would essentially have control of the putative class action. *Id.* at *7. "The law does not countenance the use of individual offers to thwart class litigation, because the class-

6

action device is designed to allow 'similarly situated plaintiffs to aggregate smaller claims, promoting judicial efficiency.'" *Id.* (quoting *Lamberson v. Fin. Crimes Servs., LLC*, Civ. No. 11-98, 2011 WL 1990450, at *2 (D. Minn. Apr. 13, 2011)).

Here, the Court has not yet held a hearing or ruled on the Motion for Class Certification. Thus, the Court finds it inappropriate to allow Defendant to tender payment to the class representative on his individual claims, over Plaintiff's objection, to presumably incapacitate the class action before Plaintiff has had a fair opportunity to show that certification is warranted. *Fauley v. Royal Canin U.S.A., Inc.*, __ F. Supp. 3d __, 2016 WL 2766286, at *1-2 (N.D. Ill. May 13, 2016); *Ung*, 2016 WL 3136858, at *8. Therefore, Defendant's Motion to Deposit Funds will be denied. Further, because Defendant's Motion for Summary Judgment hinges on the Court allowing Defendant to deposit said funds, the Court will also deny that motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Deposit Funds (ECF No. 66) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Federal Rule of Civil Procedure 56 Motion for Summary Judgment (ECF No. 67) is **DENIED.**

Dated this 16th day of June, 2016.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**