# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RADHA GEISMANN, M.D., P.C., individually and as the representative of a class of similarly-situated persons, </br></br>   Plaintiff, </br> v. </br></br> AMERICAN HOMEPATIENT, INC., and JOHN DOES 1-10 </br></br>   Defendant. | No. 4:14-cv-001538 RLW |

## PLAINTIFF'S PROPOSED MOTION TO RECONSIDER THE DENIAL OF THE EXTENSION OF DEADLINES IN CASE MANAGEMENT ORDER (Doc. # 92)

COMES NOW, Plaintiff Radha Geismann, M.D., P.C., and moves the Court to reconsider its denial (Doc. #92) of the Parties **joint** request for extension of deadlines (Doc. #91) (hereinafter Motion to Reconsider) and state as follows:

1. The Plaintiff hereby incorporate paragraphs 1-24 of the Joint Proposed Extension of Deadlines in Case Management Order (Doc. #89) - Doc. #91.

2. On March 28, 2017, the Parties filed the Joint Proposed Extension of Deadlines in Case Management Order (Doc. #89) - Doc. #91.

3. On March 29, 2017, the Court denied the Parties Joint Proposed Extension of Deadlines in Case Management Order (Doc. #89), without stating a reason (Doc. #92).

4. The Parties conferred and the Attorney for the Plaintiff contacted the Clerk of the Court to ask for the reason the Joint Motion was denied.

5. Plaintiff's counsel was informed that the main reason the Joint Motion was denied because if it were granted the class certification hearing would be held almost three years after the case was removed to Federal Court. Although it is true the class certification hearing would be scheduled almost three years after the case was removed there is an

1

explanation for the length of the time from when the case was removed until now as explained below.

6. On March 29, 2017 after the Parties were informed that the Court denied their Joint Proposed extension of deadlines, the Plaintiff reached out to the Defendant and asked to schedule the corporate representative deposition of the Defendant on April 6, 2017 (which had previously been jointly continued from March 1, 2017).

7. Defendant's Counsel said they needed to check with their client and would respond.

8. On March 31, 2017 Plaintiff served the Amended Rule 30(b)(6) Notice of Deposition on Defendant's Counsel, attached as Exhibit 1.

9. On March 31, 2017, Plaintiff submitted a proposed Joint Motion to Reconsider to Defendant.

10. On April 3, 2017, the Defendant responded and would not agree to submitting the Motion to Reconsider as a joint motion (see email dated April 3, 2017, attached as Exhibit 2).

11. On April 3, 2017, Defendant's Counsel also responded that they would not be making the Defendant available for the deposition noticed for April 6, 2017, since the deadline of March 28, 2017 for close of discovery, under the current scheduling order had passed (see email dated April 3, 2017, attached as Exhibit 2).

12. If Plaintiff is not allowed to take the Rule 30(b)(6) deposition of the Defendant the proposed class will suffer prejudice.

13. Defendant's Rule 30(b)(6) deposition was originally set within the discovery deadlines. Defendant suggested it would be prudent to hold said deposition after the phone records were obtained from AT&T and Plaintiff agreed, so the March 1, 2017 deposition was continued by mutual consent to be reset.

14. As can be seen from the history of the case described below the extensions requested, **originally jointly**, are not unreasonable.

15. This case was removed to Federal Court on September 9, 2014, Doc. #1.

16. Before a Rule 16 Conference could be scheduled Defendant filed its first Motion to Dismiss the Complaint or in the Alternative Dismiss or Strike the Class Allegations from the Complaint on October 13, 2014, Doc. #9.  Since no Rule 16 Order was issued the Parties were unable to serve discovery, take depositions or issue subpoenas.

17. The Motion to Dismiss was fully briefed on December 8, 2014 (Doc. #30 Defendant's reply memo).

18. On June 8, 2015 the Court issued its Order (Doc. #34) denying Defendant's Motion to Dismiss the Complaint or in the Alternative Dismiss or Strike the Class Allegations from the Complaint Doc. #9.

19. On June 9, 2015, Defendant made a Rule 68 Offer of Judgment.

20. On July 16, 2015, over ten months after the case was removed, the Court issued its first Case Management Order (Doc. #43) in this case, assigning Track 3 to this case.

21. On August 12, 2015, the Defendant filed its second Motion to Dismiss or, in the Alternative, Motion to Stay Proceedings, (Doc. #44), based on lack of subject matter jurisdiction and asked the Court to stay all proceedings pending the decision of the United States Supreme Court in *Campbell-Ewald Co. v. Gomez,*__U.S.__, 136 S. Ct. 663 (2016).  On September 30, 2015, Defendant filed its Reply in support of Motion to Dismiss or, in the Alternative, Motion to Stay Proceedings, Doc. #55.

22. On August 12, 2015, Defendant also filed a Motion for a Protective Order to Stay Discovery and Brief in support and Request for expedited ruling, Doc. #46.

3

23. On August 14, 2015, the Parties filed a Joint Motion to Temporarily Stay Discovery, pending the Court's disposition of Defendant's Motion to Dismiss or Stay (Doc. #44)

24. On August 26, 2015, the Court granted the Joint Motion to Stay Discovery pending the Courts disposition of the Defendant's Motion to Dismiss or, in the Alternative, Motion to Stay Proceedings, Doc #48.

25. The United States Supreme Court decided *Campbell-Ewald Co. v. Gomez,* __U.S.__, 136 S. Ct. 663 (2016), on January 20, 2016, *as revised* February 9, 2016 and on February 17, 2016 the Court issued a show cause order to the Parties to show what impact the Supreme Court's decision in *Gomez* has on the motion to dismiss now pending before the Court.

26. On February 24, 2016, Defendant responded to the Court's order to show cause and stated that the Supreme Court's decision in *Campbell-Ewald Co. v. Gomez,* was controlling and sought leave to have its Motion to Dismiss withdrawn, Doc. #65.

27. On February 24, 2016 Defendant filed a Motion to Deposit Funds with the Court, Doc. #66.

28. On the same day, February 24, 2016 Defendant also filed a Motion for Summary Judgment, Doc. #67.

29. On February 25, 2016, the Court ordered that Defendant's Motion to Dismiss or, in the Alternative, Motion to Stay Proceedings (Doc. #44) is denied as moot, Doc. #71.

30. On March 29, 2016, Defendant filed its Reply Memorandum (Doc. #79) to Defendant's Motion for Summary Judgment, Doc. #67 and Defendant's Motion for Summary Judgment was fully briefed and submitted to the Court.

31. On June 16, 2016, the Court by order (Doc. #83) denied Defendant's Motion to Deposit Funds (Doc. #66) and denied Defendant's Federal Rule of Civil Procedure 56 Motion for Summary Judgment (Doc. #67).

4

32. On July 5, 2016, the Court sua sponte ordered that the class certification hearing which had been scheduled on July 8, 2016 (per the July 16, 2015 Case Management Order (Doc. 43)) be canceled and ordered that the parties file an amended joint scheduling plan.

33. On July 14, 2016 the Parties filed a proposed Amended Scheduling Plan, Doc. #85.

34. On July 15, 2016 the Court issued its Case Management Order (Doc. #86), Track 3 (Complex).

35. Because of the above proceedings, although the case was removed on September 9, 2014, no discovery nor depositions or subpoenas were allowed to take place before July 15, 2016, over 21 months after the case was removed.

36. On November 29, 2016, the Parties filed a **joint** motion to extend certain case management order deadlines, Doc. #88.

37. On November 30, 2016, the Court issued a Case Management Order granting the extension of certain deadlines and shortening the time for other requested deadlines.

38. The Plaintiff have been diligently proceeding with this case as demonstrated in the joint motion to extend Case Management Order deadlines, and it is outside parties that have contributed to the delays.

39. In light of the above history of this case and the fact that no Case Management Order was in effect for over 21 months the Plaintiff requests the Court to allow extension of the requested deadlines as specified below.

40. The Plaintiff also requests that the Court reset the current dates related to alternative dispute resolution (Doc. 90) in light of the additional time sought in this joint motion.

41. This Motion is not brought for the purpose of vexation or delay.

42.     The requested extension only extends the class certification motion schedule by 3 1/2 months.

43. The old deadlines and the new proposed deadline dates are listed below.

| | Event Definitions | Current Due Date | New Proposed Date |
|---|---|---|---|
| A) | Plaintiff to name experts. | December 30, 2016 | May 26, 2017 |
| B) | Plaintiff shall make experts available for deposition. | January 30, 2017 | June 26, 2017 |
| C) | Defendant to name experts | February 28, 2017 | July 17, 2017 |
| D) | Defendant shall make experts available for deposition. | March 28, 2017 | August 16, 2017 |
| E) | Referred to alternative dispute resolution | March 28, 2017 | June 14, 2017 |
| F) | All Class discovery closed. | March 28, 2017 | June 5, 2017 |
| G) | Plaintiff's Motion for Class Certification Memorandum in support. | April 28, 2017 | August 11, 2017 |
| H) | Alternate dispute resolution terminated | May 12, 2017 | August 14, 2017 |
| I) | Defendant's memorandum in opposition to Plaintiff's Motion for Class Certification | May 30, 2017 | September 14, 2017 |
| J) | Plaintiff's reply memorandum in support of its Motion for Class Certification | June 13, 2017 | October 13, 2017 |
| K) | Defendant's sur-reply in opposition to Class Certification | June 27, 2017 | October 27, 2017 |
| L) | Hearing on Motion for Class Certification. at 10:00 a.m. | July 5, 2017 | To be reset by Court |

WHEREFORE the Plaintiff requests the Court reconsider its previous denial (Doc. #92) of the Parties Joint Motion to Extend the Case Management Order deadlines and extend the deadlines to the new proposed dates as listed above.

6

Respectfully submitted,

By:     /s/ Max G. Margulis

Max G. Margulis #24325MO
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022 - Residential
F: (636) 536-6652 - Residential
maxmargulis@marguislaw.com

Brian J. Wanca, # 3126474IL
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
P: (847) 368-1500, F: (847) 368-1501
E-Mail: bwanca@andersonwanca.com
*Attorney for Plaintiff Radha Geismann, M.D., P.C.*

## CERTIFICATE OF SERVICE

I hereby certify on April 4, 2017 that a true and correct copy of the foregoing was electronically filed by the undersigned counsel and as a result thereof was served by the Court's ECF/CM system upon all parties of record.

/s/  Max G. Margulis