UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RADHA GIESMANN, MD, P.C., individually )
and on behalf of all other similarly- )
situated persons, )
)
                Plaintiff, )
)
v. )   No. 4:14CV1538 RLW
)
AMERICAN HOMEPATIENT, INC., and )
JOHN DOES 1-10, )
)
                Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Reconsider the Denial of the Extension of Deadlines in Case Management Order (ECF No. 93). The Court has thoroughly considered Plaintiff's request.

This putative class action is brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Missouri common law claim of conversion. On September 8, 2014, Defendant removed the state court Class Action Petition from the Circuit Court of St. Louis County, Missouri. After ruling on Defendant's Motion to Dismiss, the Court set the case for a Rule 16 Conference in an Order dated June 8, 2015. Prior to the scheduling conference, the parties submitted a Joint Proposed Scheduling Plan. The Court then held the Rule 16 Conference on July 16, 2015. During that conference, the Court informed Plaintiff's attorney, who has a plethora of experience with these types of cases,[1] that the Court would not enter the requested dates, as those dates would not efficiently or expediently resolve this TCPA class action suit.

---

[1] The Electronic Court Monitoring system indicates that counsel has filed five TCPA class action suits on behalf of the Plaintiff, which were all removed to the Eastern District of Missouri.

The Case Management Order filed by the Court reflects that the Court minimized the filing deadlines. (ECF No. 43)

On August 12, 2015, Defendant filed a Motion to Dismiss or in the Alternative to Stay Proceedings pending a decision by the United States Supreme Court in *Campbell-Ewald Co. v. Gomez*. The parties then filed a Joint Motion to Temporarily Stay Discovery. The Court issued a Docket Text Order on August 26, 2015, granting the motion to stay discovery "pending the Court's disposition of Defendant's Motion to Dismiss." (ECF No. 48) The Supreme Court issued its decision on January 20, 2016, *as revised* February 9, 2016. *Campbell-Ewald Co. v. Gomez*, __ U.S. __, 136 S. Ct. 663 (2016). On February 17, 2016, the Court issued an Order to Show Cause what impact the *Campbell-Ewald* case had on the present litigation. The response to show cause filed by the Defendant indicated that the Supreme Court decision in *Campbell-Ewald* found that a rejected offer of relief to a named plaintiff did not moot the named plaintiff's case, thus Defendant requested to withdraw its motion. (ECF No. 65)

On February 25, 2016, this Court disposed of the pending motion to dismiss by denying the motion (ECF No. 44) as moot. (ECF No. 71) Thus, in accordance with this Court's previous Order staying discovery pending disposition of Defendant's motion to dismiss, that motion had been ruled on, and the stay was no longer in place. While Defendant filed a Motion for Summary Judgment subsequent to the *Campbell-Ewald* decision, nothing in the Court's record indicates that the parties either requested, or were granted, a stay of discovery beyond the disposition of Defendant's motion to dismiss.

On July 5, 2016, this Court *sua sponte* canceled the class action hearing scheduled for July 8, 2016 and ordered the parties to file an amended joint scheduling plan. Again, the Court reduced the excessive time requested for discovery and motions for class certification. (ECF No.

86) Since the Court issued its second Case Management Order, Plaintiff has filed two "joint" motions to extend the deadlines in the Case Management Order. (ECF Nos. 88, 91) With regard to the first motion for extension, the Court granted that motion, in part, and issued a third Case Management Order with revised dates. (ECF No. 89) The Court denied the second request. (ECF No. 92) Plaintiff then filed the present Motion to Reconsider the Denial of the Extension of Deadlines in Case Management Order, without the joinder of Defendant. (ECF No. 93)

Plaintiff contends that there is good cause for continuing to extend the dates in the Case Management Order, including this Court's order staying discovery. However, Plaintiff overlooks the fact that the Court disposed of the motion to dismiss on February 25, 2016, at which time discovery should have resumed. Over four months lapsed, and the Court, noticing the class action hearing scheduled for July 8, 2016, canceled the hearing and ordered the parties to submit an amended joint scheduling plan.

The Court notes that "district courts have the inherent authority to manage their dockets . . . with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, __ U.S. __, 136 S. Ct. 1885, 1892 (2016); *see also Reasonover v. St. Louis Cty.*, 447 F.3d 569, 579 (8th Cir. 2006) ("District courts have broad discretion to set filing deadlines and enforce local rules."). Further, under Federal Rule of Procedure 16(b), a scheduling order "must limit the time to joint other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(a). In addition, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Plaintiff now requests that this Court further extend deadlines and further delay this action. The Court finds, however, that Plaintiff has failed to show good cause. In particular, the Court notes that the motion to extend the Case Management Order deadlines was filed on the

afternoon of the class discovery cut-off date. (ECF Nos. 89, 91) From the onset of this case, the Court continuously revised proposed dates and set earlier filing deadlines in order to expeditiously resolve the case.

Based on the foregoing, the Court finds that further extension of the Case Management deadlines is not warranted. However, the Court notes that the parties did originally schedule Defendant's deposition within the discovery deadline, agreed to postpone the deposition until after AT&T produced requested documents. (ECF. No. 91) Because the original request and original deposition date were timely, the Court will allow said deposition to go forward in a prompt manner, and only on the previously propounded notice. However, in all other respects, the Case Management Order of November 30, 2016 remains in full force and effect and will be modified only upon a showing of exceptional circumstances, with such exceptional circumstances not before the Court at this time.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider the Denial of the Extension of Deadlines in Case Management Order (ECF No. 93) is **GRANTED** with respect to Defendant's deposition, which shall be taken no later than April 14, 2017 and shall be comprised of only those topics and document requests noticed prior to the discovery deadline.

---

[2] The Court notes that Plaintiff's Joint Motion for Extension and Motion for Reconsideration were both filed after the expiration of several deadlines in this Court's Case Management Order of November 30, 2016. That Order specified, in bold, that the schedule would be modified "**only upon a showing of exceptional circumstances**." (ECF No. 89) Further, Fed. R. Civ. P. 6(1)(B) provides, "the court may, for good cause, extend the time on a motion made after the time has expired if party failed to act because of excusable neglect." The Plaintiff offers no plausible explanation for extending dates that have already passed.

4

**IT IS FURTHER ORDERED** that the Motion to Reconsider is **DENIED** as to all other proposed deadline extensions.

Dated this 5th day of April, 2017.

*[signature: Ronnie L. White]*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

5