UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RADHA GIESMANN, MD, P.C., individually )
and on behalf of all other similarly- )
situated persons, )
 )
        Plaintiff, )
 )
v. ) No. 4:14CV1538 RLW
 )
AMERICAN HOMEPATIENT, INC., et al., )
 )
        Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant American HomePatient, Inc.'s Motion to Strike the Declarations of Robert Biggerstaff and Radha Geismann, M.D. (ECF No. 110).[1] The motion is fully briefed and ready for disposition.

## I. Background

Plaintiff Radha Geismann M.D., P.C. ("Dr. Geismann") filed a class action Complaint, alleging that Defendant American HomePatient, Inc. ("Defendant") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), by sending unsolicited facsimile advertisements to Dr. Geismann and to members of the putative class. (Compl. ¶¶ 10-12, ECF No. 3) Geismann also brings a claim for conversion under Missouri common law. (Compl. ¶¶ 53-64) Currently pending are a Motion for Class Certification filed by Plaintiff Dr. Geismann (ECF No. 97) and a Motion to Strike the Declaration of Robert Biggerstaff ("Biggerstaff"),

---

[1] In its reply memorandum, Defendant withdraws its Motion to Strike with regard to Dr. Geismann. (ECF No. 116 p. 1, n. 1) Thus, the Court will address only the Motion to Strike the Declaration of Robert Biggerstaff.

attached as exhibit 8 to the Memorandum in Support of Motion for Class Certification. (ECF Nos. 110, 98-9)

Defendant contends that Biggerstaff was not disclosed in Plaintiff's expert disclosures under Rule 26(a)(2). Defendant argues that the testimony was submitted for the first time with the motion to certify the class, such that the Declaration should be stricken. In the Biggerstaff Declaration, he states that he will be able to find fax transmission logs in the SQL database linked to Defendant's RightFax Server using RightFax Server Version 10 software at some point in the future. (Biggerstaff Decl. ¶¶ 10-16, ECF No. 98-9) Defendant asserts that the Declaration should be stricken pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure because Biggerstaff was disclosed four months after the expert witness disclosure deadline had passed; the Declaration does not meet Fed. R. Civ. P. 26(a)(2)'s requirements for expert witness disclosures; and the Declaration is based on insufficient facts and data in contravention of Rule 702 of the Federal Rules of Evidence.

In response, Plaintiff asserts that the Biggerstaff Declaration was submitted in response to Defendant's Rule 30(b)(6) witness testimony and does not provide expert testimony. Thus, Plaintiff argues that the Court should deny Defendant's Motion to Strike the Declaration of Robert Biggerstaff.

## **II. Legal Standard**

Under Rule 37 of the Federal Rules of Civil Procedure:

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

> **(B)** may inform the jury of the party's failure; and
>
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). "Rule 37 does not provide for mandatory sanctions, and the district court may find that a party's failure to include a witness in the initial Rule 26(a)(1) disclosures was substantially justified or harmless." *Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004) (citations omitted). "The offending party has the burden to demonstrate that the failure to disclose was substantially justified or harmless." *Seubert v. FFE Transp. Servs., Inc.*, No. 4:11CV01651 AGF, 2013 WL 827547, at *1 (E.D. Mo. Mar. 6, 2013) (citation omitted).

Under Rule 37, a district court considers the following factors when determining whether a failure to disclose under Rule 26(a) may be deemed substantially justified or harmless: "'(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'" *Mayhall v. Berman & Rabin, P.A.*, No. 4:13CV0175 AGF, 2014 WL 272348, at *1 (E.D. Mo. Jan. 24, 2014) (quoting *Rodrick v. Wal–Mart Stores E., L.P.*, 666 F.3d 1093, 1096–97 (8th Cir. 2012) (internal citations and quotations omitted)). "When a party fails to disclose in compliance with Rule 26(a) 'the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case.'" *Id.* (quoting *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008)).

## III. Discussion

Defendant seeks to strike the Declaration of Robert Biggerstaff because Plaintiff submitted the expert Declaration after the Court twice denied motions to extend the deadline for expert witness disclosures and four months after the expiration date for disclosing expert witnesses. Defendant also asserts that the disclosure does not comply with Rule 26(a)(2). Defendant further argues that the inclusion of Biggerstaff's Declaration is prejudicial to Defendant because Defendant has had no opportunity to cross-examine, issue follow-up discovery requests, or obtain its own expert to rebut Biggerstaff's opinions. In addition, Defendant maintains that there is no practical way to cure the prejudice, as Plaintiff's tactics have made it nearly impossible to allow for the just and expeditious determination in this matter. Finally, Defendant contends that Plaintiff's repeated disregard for Court orders and Rule 26 requirements demonstrate bad faith and willfulness of Plaintiff's actions.

Plaintiff, on the other hand, asserts that the Biggerstaff Declaration was submitted in response to Defendant's admission that it did not know whether anyone searched the SQL database which may contain the fax transmission logs in question. Plaintiff maintains that Biggerstaff merely avers that he will likely be able to locate the missing fax transmission logs on the server, as he has done in other cases. Thus, Plaintiff argues that Biggerstaff's declaration is not expert testimony. Plaintiff further contends that Defendant is not prejudiced because, should the case proceed as a class action, Plaintiffs will conduct further discovery and move to compel a forensic image of the server to see if Biggerstaff can locate the fax logs.

The Court agrees with Defendant that Biggerstaff is an expert witness that was not properly or timely disclosed under Rule 26(a)(2). Biggerstaff acknowledges that he has been retained as a forensic expert in over 300 cases. (Biggerstaff Decl. ¶ 5) He also avers that he has

4

experience in the role that computer records play in TCPA cases with regard to analyzing the records to identify persons to whom faxed advertisements were sent for purposes of class certification and class notice. (*Id.* at ¶ 6) Further, the Declaration is replete with information regarding Biggerstaff's credentials as an expert in computer forensics and data recovery. He states that based on his experience with databases and RightFax software, he would likely be able to recover data from the hard drive(s) where the RightFax data is stored. (*Id.* at ¶ 16)

While Plaintiff contends that Biggerstaff's Declaration does not provide expert analysis, Plaintiff indicates that Biggerstaff has been retained as an expert to perform data recovery of the facsimiles in question. Indeed, Plaintiff states in her response that, "[s]hould the Court grant Plaintiff's motion for class certification, Plaintiff intends to pursue discovery regarding RightFax's SQL database which contains evidence of the sending of fax advertisements at issue, as part of merits discovery." (Pl.'s Response, ECF No. 113 pp. 11-12) The problem with Plaintiff's assertion, however, is that nothing in the multiple Case Management Orders issued separates disclosure of expert witnesses into phases of discovery. The Orders state, "Plaintiff shall disclose **all** expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than . . . and shall make expert witnesses available for depositions, and have depositions completed, no later than . . . ." (ECF Nos. 43, 86, 89 emphasis added). Further, the most recent Case Management Order states that after ruling on the certification issue, the Court will hold a conference and set the trial date. (ECF No. 89)

Now, nearly three years after the case was filed, and over four months after the deadline of expert witness disclosure expired, Plaintiff has failed to designate Biggerstaff as an expert witness. The Court notes that Plaintiff's counsel frequently uses Biggerstaff as an expert in TCPA cases related to fax advertisements to support class certification. *See, e.g., CE Design*

*Ltd. v. Cy's Crabhouse N., Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Palm Beach Golf Center-Boca, Inc. v. Sarris*, 311 F.R.D. 688 (S.D. Fla. 2015); *Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.*, No. 10-10620, 2010 WL 5439737 (E.D. Mich. Dec. 27, 2010); *Siding and Insulation Co. v. Combined Ins. Grp., Ltd., Inc.*, No. 1:11 CV 1062, 2012 WL 1425093 (N.D. Ohio Apr. 24, 2012); *Savanna Grp., Inc. v. Trynex, Inc.*, No. 10-cv-7995, 2013 WL 66181 (N.D. Ill. Jan. 4, 2013); *Sandusky Wellness Ctr., LLC v. Wagner Wellness, Inc.*, No. 3:12 CV 2257, 2014 WL 6750690 (N.D. Ohio Dec. 1, 2014). Further, Plaintiff presents the Declaration as evidence to support its motion for class certification, alleging that, based upon Biggerstaff's expertise, he will recover the fax transmissions in question. The Court will therefore analyze whether Plaintiff's failure to disclose Biggerstaff as an expert was substantially justified or harmless.

## A. Prejudice and the Ability to Cure the Prejudice

Defendant argues that it is prejudiced by Plaintiff's failure to disclose Biggerstaff because it had no opportunity to cross-examine him or obtain a rebuttal expert to challenge Biggerstaff's Declaration that he can locate fax transmission logs and demonstrate that the class is ascertainable. While Plaintiff asserts that Defendant will have the opportunity to depose Biggerstaff later, nothing in the Case Management Orders indicates that a second round of expert disclosures would ensue. Were the Court to allow Plaintiff to submit the Declaration, fairness principles would require the class certification hearing to be postponed in order to allow Defendant to depose Biggerstaff and obtain its own expert, thus adding to the cost and further delaying what has become a long-drawn-out TCPA case. The Court therefore finds that allowing the Declaration would prejudice Defendant, and any ability to cure this prejudice would add time and expenses to a case that has already been pending nearly three years. *See Physicians*

*Healthsource, Inc. v. Alma Lasers, Inc.*, No. 12 C 4978, 2014 WL 6561781, at *3 (N.D. Ill. Nov. 20, 2014) (finding the admission of Biggerstaff's Declaration after the close of discovery would prejudice the defendant, and such prejudice could not be cured).

### B. Likelihood of Disruption to the Trial

Although no trial date has been set, the Court finds that admission of Biggerstaff's Declaration after the deadline for expert witnesses expired would disrupt and delay a possible trial. The Federal Rules of Civil Procedure are "administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *Physicians Healthsource, Inc.*, 2014 WL 6561781, at *3. The Court notes that it has continued to manage its docket to resolve the case efficiently and expeditiously, despite many attempts by Plaintiff to further delay the resolution. (ECF No. 94) The Court finds that, although no trial date has been set, the late disclosure of Biggerstaff would disrupt and delay a future trial. *Physicians Healthsource, Inc.*, 2014 WL 6561781, at *3 ("[T]he fact that no trial date has been set does not render the late disclosures harmless.").

### C. Bad Faith or Willfulness

Finally, Defendant argues that Plaintiff's counsel has a pattern of ignoring expert disclosures and submitting expert testimony after the deadlines have passed. While Plaintiff characterizes the Declaration as a response to Defendant's Rule 30(b)(6) witness, the Court finds that Biggerstaff offers his opinion as an expert regarding his knowledge of the RightFax server and ability to recover the fax transmission logs in support of Plaintiff's Motion for Class Certification. *See Imhoff Inv., LLC v. SamMichaels, Inc.*, No. 10-10996, 2014 WL 172234, at *4 (E.D. Mich. Jan. 15, 2014) (disagreeing with plaintiff's characterization that the Biggerstaff Declaration was not untimely because it offered no expert opinion and finding that he offered his

7

opinion as an expert). The Court agrees with Defendant that Biggerstaff's Declaration is an expert disclosure that should have been made under Rule 26(a)(2). While the Court will stop short of finding that Plaintiff's counsel has demonstrated bad faith, the Court does find the timing of the Declaration, first presented in its Motion for Class Certification and well after the deadline for expert disclosures expired, somewhat suspect. As stated above, Defendant is prejudiced by an inability to cross-examine Biggerstaff or offer a rebuttal expert. *Id.* (granting defendant's motion to strike Biggerstaff's declaration where it was disclosed in a motion for summary judgment reply brief long beyond the expert opinion deadline).

Under Rule 37 of the Federal Rules of Civil Procedure, if a party fails to provide information or identify a witness as required by Rule 26(a), that party is not allowed to use that information or witness to supply evidence on a motion, unless the failure is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The analysis above demonstrates that Plaintiff is unable to demonstrate that the failure was substantially justified or harmless. The Court therefore has broad discretion to exclude the untimely disclosed declaration of an expert witness and finds that exclusion is warranted. *Physicians Healthsource, Inc.*, 2014 WL 6561781, at *4 (concluding the sanction of exclusion is mandatory because plaintiff failed to establish the violation of Rule 26 was justified or harmless); *Imhoff Inv.*, 2014 WL 172234, at *4. Thus, the Court will grant Defendant's Motion to Strike the Declaration of Robert Biggerstaff.[2]

Accordingly,

---

[2] Because the Court will exclude Biggerstaff's Declaration for failure to make timely disclosures under Rule 26(a), it need not address Defendant's Rule 702 argument. *Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co., Ltd.*, No. 4:13CV1043SPM, 2015 WL 8770712, at *3 (E.D. Mo. Dec. 15, 2015).

8

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike the Declaration of Robert Biggerstaff (ECF No. 110) is **GRANTED.**

Dated this 22nd day of June, 2017.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**