## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

RADHA GIESMANN, M.D., P.C., individually )
and on behalf of all other similarly- )
situated persons, )
                                   )
             Plaintiff, )
                                   )
    v. )              No. 4:14CV1538 RLW
                                     )
AMERICAN HOMEPATIENT, INC., and )
JOHN DOES 1-10, )
                                     )
             Defendants. )

### MEMORANDUM AND ORDER OF DISMISSAL

This matter is before the Court on Plaintiff Radha Geismann, M.D., P.C.'s Motion to Dismiss this action as to Plaintiff with prejudice (ECF No. 120). Defendant American Home Patient, Inc. has filed a response. Plaintiff did not file a reply to Defendant's response, and the time for doing so has expired.

On August 4, 2014, Plaintiff filed a Class Action Petition in the Circuit Court of St. Louis County, Missouri. Defendant removed the Petition to federal court on September 8, 2014. On June 30, 2017, before the scheduled July 5, 2017 hearing on Plaintiff's Motion for Class Certification, Plaintiff filed the instant Motion to Dismiss pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, as well as a Notice of Withdrawal of the Motion for Class Certification based on the absence of an expert to analyze fax transmission logs. (ECF Nos. 120, 121) On July 14, 2017, Defendant filed a response to Plaintiff's Motion to Dismiss requesting an award of costs, a stipulation that Plaintiff has abided and will continue to abide by the terms of the Protective Order entered on December 21, 2015, and a stay pending Defendant's motion to transfer a "new" class action lawsuit to the undersigned District Judge. (ECF No. 63) Defendant

notes that Plaintiff's counsel filed essentially the same suit in state court with a different named

Plaintiff on July 11, 2017, which case has been removed to federal court. *See Alan Presswood*

*D.C., P.C. v. American HomePatient, Inc. and John Does 1-10*, No. 4:17CV1977 SNLJ.

Plaintiff has not replied to Defendant's response.

Under Rule 41of the Federal Rules of Civil Procedure, "an action may be dismissed at the

plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P.

41(a)(2). "Voluntary dismissals pursuant to Federal Rule of Civil Procedure 41(a)(2), and the

terms of such dismissals, are addressed to the discretion of the district courts." *Garner v. Union*

*Pac. R.R. Co.*, No. 4:15CV00733 AGF, 2016 WL 612765, at \*2 (E.D. Mo. Feb. 16, 2016)

(citation omitted).  When considering a motion for voluntary dismissal, courts consider:

> "whether the party has presented a proper explanation for its desire to dismiss;
> whether a dismissal would result in a waste of judicial time and effort; and
> whether a dismissal will prejudice the defendants.  Likewise, a party is not
> permitted to dismiss merely to escape an adverse decision nor to seek a more
> favorable forum."

*Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011) (quoting *Hamm v.*

*Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)).

Here, Plaintiff sets forth its reason in the Notice of Withdrawal of Motion.  Plaintiff

asserts that "without the assistance of an expert to analyze any hard drives potentially containing

fax transmission logs Plaintiff is unable to proceed in this case." (ECF No. 121)  The Court finds

this explanation valid, as the lack of an expert arose from the Court granting Defendant's Motion

to Strike the declaration of Plaintiff's expert. (ECF Nos. 110, 118)  In its response, Defendant

does not oppose dismissal with prejudice as to Plaintiff; however, it requests that the Court

impose certain conditions of dismissal because Plaintiff's counsel is pursuing the same case a

second time, causing hardship to Defendant.

2

"Upon granting a voluntary dismissal, a court may, in its discretion, award costs to the

defendant that were incurred in defending the action prior to the voluntary dismissal." *Johnson*

*v. Int'l Bhd. Of Elec. Workers, Local 1*, No. 4:10CV2111 CDP, 2102 WL 368713, at \*2 (E.D.

Mo. Feb. 3, 2012) (citing *Sequa Corp. v. Cooper*, 245 F.3d 1036, 1038 (8th Cir. 2011)).  Here,

the Court finds that costs are warranted in this action.  The case was pending nearly three years,

and substantial discovery had been conducted.  After extensive briefing and on the eve of the

class certification hearing, Plaintiff filed the present motion to dismiss.  Defendant incurred costs

in defending this action before Plaintiff filed the motion for voluntary dismissal, and the Court

will grant Defendant's request for an award of costs as a condition of dismissal.  *Sequa Corp.*,

245 F.3d at 1038.

Defendant also requests that this Court order Plaintiff to stipulate that it has abided and

will continue to abide by the terms of the Protective Order.  The Court notes that paragraph 18 of

the Protective Order provides:

> The provisions of this Order shall continue in effect with respect to any
> Confidential Material until expressly released in writing by the Party or non-party
> designating such Confidential Material, and such effectiveness shall survive the
> entry of a final judgment or dismissal of the claims herein unless otherwise
> ordered by the Court.

(Stipulated Protective Order ¶ 18, ECF No. 63)  Specifically, the terms mandate that the

provisions shall remain in effect after dismissal.  The Court, therefore, retains jurisdiction to

enforce the terms of the Protective Order.  While the Court will not order that Plaintiff's counsel

stipulate as to compliance with the terms of the Protective Order, the Court advises that it

expects Plaintiff's counsel to maintain the confidentiality of all Confidential Materials obtained

through this litigation.

Finally, Defendant requests that as a further condition of dismissal, the Court stay ruling until Defendant files a motion to transfer the removed *Presswood* case to this Court. The Court notes that the case was randomly assigned to United States District Judge Stephen N. Limbaugh, Jr., pursuant to Rule 2.08 of the Local Rules of the United States District Court for the Eastern District of Missouri. Defendant provides no authority for its proposition that the case should be stayed pending a motion to transfer the new case from another District Judge in contravention of the local rule pertaining to case assignment in this district. Therefore, the Court declines to postpone its ruling on the Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss (ECF No. 120) is **GRANTED** and that as condition of dismissal Defendant shall submit a Bill of Costs to the Court no later than August 7, 2017.

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED with prejudice**, Defendant's costs being taxed against Plaintiff.

Dated this 24th day of July, 2017.

Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

4